MERRITT & CHAPMAN DERRICK & WRECKING CO. v. ABOUT FOUR HUNDRED BARRELS OF WINE et al.

(Circuit Court of Appeals, Third Circuit. February 6, 1908.)

No. 57.

SALVAGE—RIGHT TO COMPENSATION—ALLEGED SPOLIATION OF PROPERTY.

A vessel laden with wine in casks caught fire at sea and was run ashore, and libelant was employed to save the cargo. While this was being done a storm broke up the vessel and a large number of barrels of wine went adrift. Libelant made no effort to recover them, but its wrecking crew told respondents that they were derelict and would be the property of whoever should save them; and respondents, thus encouraged, salved a large number, most of them at sea and some several miles from the wreck. *Held*, that the fact that they claimed them as their own and refused to give them up on demand to libelant, or that they bored gimlet holes in some of the barrels, it appearing that the salt water had leaked into some, which were injured, and spoiled the wine, did not deprive them of the right to salvage.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Salvage, §§ 49, 50.]

Appeal from the District Court of the United States for the District of New Jersey.

Robinson, Biddle & Benedict, for appellant.

William Pintard, for appellees.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. The ship Francis, bound from San Francisco to New York, caught fire and was run ashore on the New Jersey coast. Her cargo consisted of domestic wines. The libelant, a wrecking company, was employed by the owners and underwriters to save the cargo. While doing so a storm broke the vessel and a large number of barrels of wine went adrift. The libelant made no effort to recover them. The proof is, and it is not denied, that libelant's wrecking crew told the respondents they were entitled to the derelict casks and encouraged them to go after them, telling them where they could be found along the coast. A few of the barrels here in controversy were picked up along the beach; but the substantial part of them were reclaimed either at sea or along the coast, in many cases several miles from the wreck. The respondents recovered some 300 barrels, which would have been wholly lost but for their efforts. After the shore people thus began bringing in the barrels the insurance companies insisted on their being retaken by the libelant and brought to New York. A shore agent of libelant then demanded the barrels and paid salvage of about $3 per barrel on a number which had been gathered up along the shore. He was unable to settle with the respondents, some of whom then and yet contend the casks had been wholly abandoned by the libelant and were respondents' property. Others claimed the salvage was not sufficient. The libelant then began a proceeding in admiralty in which it sought possession of the wine and prayed an adjudication by the court of such salvage as the respondents deserved. Under this proceeding the wine was taken by the marshal from respondents and delivered to libelant; the latter giving bond to pay the salvage adjudg-

ed. The wine recovered was examined and appraised at New York at above $1,900 some two months after the wreck. The libelant, having recovered the property, took no steps to follow up its proceeding, and we think the subsequent delay is fairly chargeable rather to them than to the respondents. The court below allowed $600 salvage and interest.

We have carefully examined the entire proofs in this case, and we find nothing to convict the court below of error. The case was one which called for sound judgment and sensible discretion in adjudging the rights of these parties. The price allowed by the court was fully warranted, in view of what the agent of the libelant had paid per barrel for that recovered along the shore, and without any such labor and time as these respondents gave in following the barrels to sea and along the coast. Indeed, the proofs show the picking up of these casks was attended by considerable danger; that the sea was rough, the casks had to be par-buckled into the catboats, and that considerable damage was done to the latter; and in view of the long delay an allowance in the shape of interest was not inequitable.

It is contended, however, these salvors were guilty of tampering with and embezzling this wine, and the court erred in awarding them any salvage whatever. That a salvor is bound to the most scrupulous fidelity; that embezzlement of a part may forfeit salvage to the whole; that a right to salvage presupposes faithful service, restoration of the goods, and vigilance in their protection—are principles recognized and enforced by courts. But we do not find the facts in this case are such as warrant an application of these principles to forfeit respondents' claims. The drilling of gimlet holes in these casks was not, under the circumstances, an act of spoliation. These casks were found floating at sea, salt water had leaked into some of them, and when drilled many of them were found to be impregnated thereby and were emptied. The proof is that some barrels were leaking when brought ashore; in some cases that the ground was stained with the wine; in others that leaks were caused by boat hooks; in some that the chines were burned. In view of these facts, and of the fact that from the time the casks were taken from the respondents and placed on the railroad cars until they were put in storage at Trenton there is no evidence they could not have been tampered with, we are not satisfied that the loss of wine found some two months thereafter, when the wine was appraised, was not due to leakage or other causes, or to persons other than these respondents.

Apart from all other grounds, in view of the many broken and opened casks, other than those in dispute that were along the beach, we see no motive to have led these men to take from the casks they had recovered. They claimed them as their own. They took the advice of counsel as soon as they could, and stood on what they averred was a right of ownership. After full consideration of the proofs, we are of opinion the action of the court below did substantial justice under the facts of this case.

The appeal is therefore dismissed.